UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT JEROME BYERS,

    Plaintiff,

v.

MILISSA HUGHS; AMBER TERRY;
LT. HOUSTON; ASST. SUPT. JACKSON;
SUPT. TROY BOWSER; LT. RUMSEY,

    Defendants.

Case No. 2:19-cv-00429-MC

OPINION AND ORDER

MCSHANE, District Judge:

    Plaintiff, an inmate at the Two Rivers Correctional Institution (TRCI), filed this action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges excessive force, assault and battery, and First Amendment retaliation. Defendants move for summary judgment, and plaintiff moves to file an amended complaint. Plaintiff fails to raise a genuine issue of material fact to defeat summary judgment, and his proposed amendments are unrelated to his pending claims. Accordingly, defendant's motion is granted, and plaintiff's motion is denied.

1   - OPINION AND ORDER

DISCUSSION

In his first claim, plaintiff alleges that defendant Hughs used excessive force against him by closing a cell door on his body on February 28, 2018. Plaintiff also alleges that defendants Jackson and Bowser were deliberately indifferent by failing to take disciplinary action against Hughs. In his second claim, plaintiff alleges that defendants Terry, Houston, Rumsey, and Jackson issued a misconduct report and disciplinary sanctions against him in retaliation for exercising his First Amendment rights. Finally, plaintiff alleges claims against Supt. Bowser based on his supervisory position. Defendants move for summary judgment on all claims against all defendants.

In response to defendants' motion, plaintiff withdraws his claim against Hughs and relies on his proposed Third Amended Complaint to "cure" the deficiencies of his retaliation claims against the remaining defendants. *See* Pl.'s Resp. to Mot. Summ. J. at 2-3 (EFC No. 29). Plaintiff's proposed complaint also seeks to add numerous, unrelated claims against several new defendants; the proposed amendments allege no new claims against the currently named defendants of Terry, Houston, Jackson, Bowser, or Rumsey. *See* Proposed Third Amended Complaint (ECF No. 30-1). To the extent plaintiff seeks to add new claims that are unrelated to those alleged in his original Complaint, plaintiff's Third Amended Complaint "violates joinder rules prohibiting unrelated claims against unrelated parties." *Camirand v. Jones*, No. 2:19-cv-01829-YY, 2020 WL 2550053, at *1 (D. Or. May 19, 2020) (citing Fed. R. Civ. P. 18, 20, 21 and *Garcia v. Biter*, 2014 WL 7272773, at*5 (E.D. Cal. Dec. 18, 2014) (stating that unrelated claims against unrelated parties violated joinder rules)). Accordingly, plaintiff's Motion for Leave to File a Third Amended Complaint is denied.

To prevail on their motion for summary judgment on plaintiff's original claims, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Defendant argues that summary judgment is appropriate on plaintiff's claim against Hughs, because plaintiff raised a similar claim against her in a state court proceeding and the claim is barred by claim preclusion. Regardless, plaintiff concedes his claim against Hughs and presents no argument against summary judgment on this claim

Next, plaintiff seeks to hold Jackson and Bowser liable for Hughs' alleged misconduct based on their supervisory capacities. However, as defendants point out, liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff relies solely on his proposed Third Amended Complaint in response to defendants' motion and presents no evidence to raise a genuine issue of fact regarding Jackson's or Bowser's participation in the alleged deprivation of his rights. To defeat summary judgment, plaintiff cannot rely on unsworn statements in his complaints; he must set forth evidence disputing the facts asserted by defendants. *See* Summ. J. Advice Notice (ECF No. 26) (advising plaintiff that he "must set out specific facts in depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, as provided in Rule 56(c), that contradict the facts shown in the defendants'

declarations and documents and show that there is a genuine dispute of material fact for trial"). Accordingly, summary judgment is granted with respect to the claims against Jackson and Bowser.

Finally, plaintiff asserts a claim of retaliation against Terry, Houston, and Rumsey based on a misconduct report and resulting disciplinary sanctions. To state a viable claim of First Amendment retaliation, plaintiff must establish five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff cannot make this showing.

On July 26, 2018, Terry issued a misconduct report with two alleged rule violations after plaintiff improperly utilized the ODOC Telmate telephone system to contact an individual outside of TRCI and obtain the personal address of Hughs. Terry Decl. Att. 2. According to plaintiff, he sought Hughs's address to effectuate personal service of a legal complaint. After a disciplinary hearing, the Hearings Officer found that plaintiff committed the rule violation of Rule 1.26, Unauthorized Use of Information Systems II, and sanctioned plaintiff with seven days in segregation and seven days of lost privileges. *Id.* In finding plaintiff guilty, the Hearings Officer specifically found that plaintiff "used the tablet to gain the personal information of a state employee that could be used to compromise staff" and used "an extension of the Telmate telephone system outside the acceptable use policy." *Id.* Att. 2 at 1.

Plaintiff does not dispute these facts. Given plaintiff's violation and the Hearings Officer's findings, plaintiff cannot show that the misconduct report and resulting disciplinary

sanctions failed to advance a legitimate penological goal. Accordingly, summary judgment is appropriate on plaintiff's retaliation claim against Terry, Houston, and Rumsey.

Finally, plaintiff recently filed a motion to appoint "special counsel." Pl.'s Mot. for Special Counsel (ECF No. 40). Plaintiff apparently seeks counsel to assist in a wide-ranging prosecution of claims against ODOC and TRCI officials. Petitioner provides no specific facts to support this motion, and it is not related to the claims raised in his Complaint. Accordingly, the motion is denied.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 21) is GRANTED, and plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 30) is DENIED. Plaintiff's Motion for Special Counsel (ECF No. 40) is DENIED. Any appeal from this Order would not be brought in good faith and plaintiff's IFP status is REVOKED.

IT IS SO ORDERED.

DATED this 1st day of October, 2020.

s/ Michael J. McShane
Michael J. McShane
United States District Judge